DECISION
{¶ 1} Relator, Raymond Goodwin, filed this action in mandamus, seeking a writ to compel the Industrial Commission of Ohio ("commission") to vacate its orders finding his receipt of temporary total disability ("TTD") compensation was improper and finding that he had committed fraud.
 {¶ 2} In accord with Loc. R. 12, the case was referred to a magistrate to conduct appropriate proceedings. The parties stipulated to the pertinent evidence and filed briefs. *Page 2 
The magistrate then issued a magistrate's decision (attached as Appendix A) which contains detailed findings of fact and conclusions of law. The magistrate's decision includes a recommendation that we grant relator the writ Goodwin requests.
 {¶ 3} Counsel for the commission has filed objections to the magistrate's decision. Counsel for relator has filed a memorandum in response. The case is now before the court for review.
 {¶ 4} Relator was injured on October 1, 2001. His workers' compensation claim was initially recognized for "lumbosacral sprain." In April 2005, the claim was amended to include "lumbar spinal stenosis."
 {¶ 5} On May 17, 2005, relator filed a request for TTD compensation. The request accurately stated that he had not worked since he last worked for his employer when injured. On June 3, 2005, the Ohio Bureau of Workers' Compensation ("BWC") entered an order granting TTD compensation.
 {¶ 6} Due to the allowing of time for an employer to contest that order and the bureaucratic system in place, relator did not receive his first TTD check until June 28, 2005. In the interim, relator worked for 33 hours at the Dayton YMCA and received a single check for $249.38. He quit or stopped the Dayton YMCA job before he received the first TTD check.
 {¶ 7} Relator did not list the Dayton YMCA job when he filed subsequent forms maintaining his eligibility for TTD compensation. Because of the 33 hours of compensated work and the failure to list the work on the subsequent C-84 application, the BWC sought repayment of all the TTD compensation relator received and sought a declaration that relator committed fraud. The commission so found. *Page 3 
 {¶ 8} The magistrate assigned by this court carefully stated the pertinent facts and meticulously analyzed the case law both from the Supreme Court of Ohio and from this court. Counsel for the commission objects to the magistrate's legal analysis.
 {¶ 9} Our review of the case does not stop with our observation that requesting repayment of approximately $17,000 in TTD compensation based upon receipt of a single payment of less than $250 for work performed before disability payments commenced seems enormously disproportionate and even unfair. People have to eat and keep a roof over their heads while the bureaucracy adjudicates their entitlement to compensation.
 {¶ 10} Further, relator made reasonable attempts to improve himself through physical therapy and work hardening in accord with an individualized vocational rehabilitation plan prepaid by the BWC. Relator went on a job search while receiving TTD compensation and pursued job interviews. He clearly was trying to return to work comparable to the work he had before he was injured, work which paid more than the $7.50 per hour his temporary job paid.
 {¶ 11} We believe the magistrate's finding that the case is very similar to our earlier case of State ex rel. Griffith v. Radix WireCo., 161 Ohio App.3d 30, 2005-Ohio-2200 is correct. We, therefore, overrule the objections filed on behalf of the commission. We adopt the findings of fact and conclusions of law contained in the magistrate's decision.
 {¶ 12} As a result of the above, we issue a writ of mandamus compelling the commission to vacate its order declaring an overpayment except for the sum of $249.38 paid by the Dayton YMCA; further compelling the commission to vacate its finding of fraud; and finally ordering the commission to reinstate the awards of TTD compensation *Page 4 
from June 6, 2005 through November 9, 2006 less the sum of $249.38 paid by the YMCA.
Objections overruled; writ granted.
 BROWN, J., concurs. SADLER, J., dissents.